UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-22088-CIV-HUCK/O'SULLIVAN

MELVIN E. GAVRON,

    Plaintiff,

vs.

WEATHER SHIELD MFG., INC.,
S&S CRAFTSMEN, INC.,
and DOES 1-20,

    Defendants.
_____/

## ORDER

Melvin E. Gavron, a resident of Pinellas County, Florida, is suing Defendants Weather Shield Manufacturing, Inc. and S&S Craftsmen, Inc. on behalf of a class of similarly situated individuals. Weather Shield removed the case to federal court under the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.). Gavron seeks to remand the case to state court under CAFA's "local controversy exception." 28 U.S.C. § 1332(d)(4)(A). For the reasons detailed below, the Motion to Remand is denied, because Gavron does not satisfy his burden of proof under the local controversy exception.

**I.     FACTUAL BACKGROUND**

Weather Shield designs, manufactures, and sells the LifeGuard Legacy Series of windows and doors, which it advertises as offering "solid hurricane protection" for "those who live in coastal areas prone to hurricanes and high winds." Weather Shield is a Wisconsin corporation that has a network of more than 2,000 authorized dealers worldwide. North America is Weather Shield's largest market, and Florida is its primary North American market. Weather Shield has dealers and representatives located throughout the state of Florida. Defendant S&S is one of those Florida dealers. Gavron alleges that he, through his contractor, purchased from S&S more than $300,000 of LifeGuard Legacy Series products.

1

On behalf of a class of similarly situated individuals, Gavron accuses Weather Shield of designing, manufacturing, marketing, and selling windows and doors that were materially defective. Specifically, the putative class alleges against the Defendants claims based on strict products liability, breach of express warranty (against Weather Shield only), breach of implied warranty, violation of the Florida Deceptive and Unfair Trade Practices Act, fraudulent concealment and nondisclosure, unjust enrichment, and equitable relief. Gavron defines the putative class as "[a]ll owners of property in the State of Florida in which Weather Shield LifeGuard Legacy windows and doors are or have been installed." Further, Gavron defines a sub-class of "[a]ll owners of property in the State of Florida in which Weather Shield LifeGuard Legacy Series windows and doors are or have been installed, and which were sold by S&S Craftsmen, Inc." Gavron estimates that the Defendants' "false and misleading statements" induced putative class members to purchase at least $100 million of defective Weather Shield products.

## II.     ANALYSIS

### A.     Legal Background

Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million, and at least one plaintiff and one defendant are from different states ("minimal diversity"). 28 U.S.C. § 1332(d)(2). The parties agree that Weather Shield's removal of this case to federal court was proper under those criteria. Gavron, however, contends that this case falls within one of CAFA's exceptions to federal jurisdiction—the local controversy exception. 28 U.S.C. § 1332(d)(4)(A).[1] Under this exception, a court "shall decline to exercise jurisdiction" when: (1) greater than two-thirds of the members of the putative class are citizens of

---

[1] Some courts have characterized § 1332(d)(4)(A) as the "local controversy exception" and 28 U.S.C. § 1332(d)(4)(B) as the "home-state exception." *E.g., In re Sprint Nextel Corp.*, 593 F.3d 669, 672 (7th Cir. 2010); *Kaufman v. Allstate New Jersey Insurance Co.*, 561 F.3d 144, 149 (3d Cir. 2009). However, the Eleventh Circuit has labeled both as the "local controversy exception." *See Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("The local controversy exception can be satisfied in either of two ways, as provided for respectively in 28 U.S.C. § 1332(d)(4)(A) or (B)."). In this Order, the term "local controversy exception" refers only to § 1332(d)(4)(A).

the state in which the action was filed; (2) at least one defendant is a defendant from whom members of the putative class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the state in which the action was filed; (3) the principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was filed; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the last three years preceding the filing of the instant class action. *Id*. In this case, the parties contest only the first two requirements.

As the party seeking to remand the case to state court, Gavron bears the burden of proving the requirements of the local controversy exception.[2] *See Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1164–65 (11th Cir. 2006). Gavron must establish the local controversy exception by a preponderance of the evidence. *See also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208–1211 (11th Cir. 2007) (applying a preponderance standard in the CAFA removal context, and discussing the difficulty of applying such a standard when bare pleadings are the only source of facts); *cf. Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *7 (S.D. Ill. Nov. 22, 2006) (applying a preponderance of the evidence standard to find that a plaintiff met his burden of proving that two-thirds of the class were citizens of Illinois). Following examination of CAFA's legislative history, the Eleventh Circuit noted that "Congress contemplated broad federal court jurisdiction," and "intended the local controversy exception to be a narrow one, with all doubts resolved in favor of exercising jurisdiction over the case." *Evans*, 449 F.3d at 1163–64 (internal quotations omitted).

---

[2] At a September 8, 2010 hearing on Plaintiff's Motion to Remand, the Court provided Gavron with an opportunity to amend his complaint. (*See* Minute Entry from Hr'g on Mot. to Remand [D.E. #35].) Gavron filed his Third Amended Complaint on September 22, 2010. The Third Amended Complaint is not substantially different from the First Amended Complaint, except that past owners of property in Florida no longer are included in the class or sub-class definitions. This change does not substantively alter the Court's analysis regarding the local controversy exception. As such, there is no need for further briefing on the issue.

**B.     Citizenship of the Plaintiff Class**

Gavron must prove by a preponderance of the evidence that more than two-thirds of the members of the putative class are citizens of Florida. For the reasons discussed below, the Court finds that Gavron fails to fulfill this burden.

Unless citizenship is certain based on the class definition, a plaintiff must provide some proof of putative class members' citizenship in order to satisfy his burden under the local controversy exception. *Evans*, 449 F.3d at 1165; *see Fuller v. Home Depot Services*, Civil Action No. 1:07-cv-1268-RLV, 2007 U.S. Dist. LEXIS 59770, at *14 (N.D. Ga. Aug. 14, 2007) (noting that while it may be onerous for a plaintiff to have to prove the citizenship of two-thirds of the putative class, it is the plaintiff's burden to bear). Citizenship of a state cannot be presumed from property ownership in that state. *Gerstenecker v. Terminix International, Inc.*, Case No. 07-cv-0164-MJR, 2007 U.S. Dist. LEXIS 69272, at *6 (S.D. Ill. Sept. 19, 2007). Moreover, a district court cannot engage in guesswork to intuit that the putative class satisfies the citizenship requirement. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673–74 (7th Cir. 2010) (eschewing guesswork, even "sensible guesswork," in evaluating whether plaintiffs proved that at least two-thirds of the putative class who had Kansas cell phone numbers and mailing addresses were, in fact, Kansas citizens); *Phillips v. Severn Trent Environmental Services*, No. 07-3889, 2007 WL 2757131, at *4 (E.D. La. Sept. 19, 2007) (explaining its unwillingness to make the intuitive leap that individuals residing in a Louisiana parish were citizens of that state). Some courts have presumed citizenship based on property ownership or residence, *e.g.*, *Haynes v. EMC Mortgage Corp.*, No. C 10-00372, 2010 WL 1445650, at *2–3 (N.D. Cal. Apr. 12, 2010) (presuming citizenship from property ownership) and *Joseph v. Unitrin, Inc.*, Civil Action No. 1:08-CV-077, 2008 WL 3822938, at *6 (E.D. Tex. Aug. 12, 2008) (advocating for a common sense presumption in determining whether the citizenship requirement of the local controversy exception had been satisfied); while this practice facially seems not unreasonable, it contravenes the requirement that doubts regarding the local controversy exception be resolved in favor of exercising federal jurisdiction, *see Evans*, 449 F.3d at 1163–64.

Gavron does not prove by a preponderance of the evidence that two-thirds of the members of the putative class are citizens of Florida because he fails to provide any evidence of citizenship,

and it is not self-evident from the class definition that the class satisfies the citizenship requirement. In support of his claim that two-thirds of putative class members are Florida citizens, Gavron argues that "Plaintiff cannot be expected to account for the citizenship of *all* class members," and that "common sense deductions" from the class definition suggest that the putative class meets the citizenship requirement. (*See* Pl.'s Reply Mem. [D.E. #22], at 7–8 (emphasis added).) Gavron is not expected to account for *all* class members, but he must put forth *some* evidence in order to satisfy his burden of proof. *See Fuller*, 2007 U.S. Dist. LEXIS 59770, at *14 (in a 1.5 million-member class, finding that "because the plaintiff has proffered no evidence whatsoever in support of his assertion that over two-thirds of the class members are Georgia citizens, the burden of proof with respect to the first element . . . has not been met"). In *Evans*, the Eleventh Circuit rejected as sufficient proof interviews by plaintiff's attorney of 10,118 potential plaintiffs. *Evans*, 449 F.3d at 1166. Although 93.8 percent of the interviewees were Alabama residents, the Eleventh Circuit took issue with the attorney's methodology, noting that her affidavit failed to explain how she selected the interviewees. *Id*. The *Evans* court also noted that the class definition was overbroad because it extended to actions that allegedly occurred over an 85-year period and, thus, there was no indication whether plaintiffs' estimate accounted for individuals with claims who no longer lived in Alabama. *Id.*; *see also Casey v. International Paper Co.*, Case No: 3:07cv421/RV/MD, 2008 U.S. Dist. LEXIS 1298, at *8 (N.D. Fla. Jan. 7, 2008) (criticizing plaintiffs' affidavit as "extremely weak" because it was based upon the "beliefs" and "estimates" of a paralegal, and because it failed to account for class members who no longer were residents of Florida). As previously mentioned, Gavron neglects to provide *any* proof of the class member citizenship, which is obviously less evidence than would satisfy the standard enunciated in *Evans*.

Gavron's requested presumption—that two-thirds of owners of Florida property are citizens of Florida—would require the Court to engage in guesswork that is impermissible under the *Evans* framework. *See Evans*, 449 F.3d at 1166 ("The local controversy exception is designed to ensure that state courts hear cases of a truly local nature. We have no way of knowing what percentage of the plaintiff class are Alabama citizens. We conclude that the evidence adduced by the plaintiffs wholly fails to present a credible estimate of the percentage of the plaintiff class who are citizens of Alabama."). Courts that share the Eleventh Circuit's approach to a plaintiff's burden under the local

5

controversy exception have refused to intuit citizenship from a loosely-defined class, such as the one proposed here. *See Gerstenecker*, 2007 U.S. Dist. LEXIS 69272, at *6 (finding that asking a court to draw conclusions regarding the citizenship of the plaintiff class from the fact that the real property at issue was in the state "requires a leap of faith" that the court was unwilling to make); *see also In re Sprint Nextel Corp.*, 593 F.3d at 674 ("All in all, we're inclined to think that at least two-thirds of those who have Kansas cell phone numbers and use Kansas mailing addresses for their cell phones are probably Kansas citizens. . . . But that's all guesswork. Sensible guesswork, based on a sense of how the world works, but guesswork nonetheless. There are any number of ways in which our assumptions about the citizenship of this vast class might differ from reality. . . . Ultimately, we agree with the majority of district courts that a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses."); *Phillips*, 2007 WL 2757131, at *3 ("Although there is some intuitive appeal to the claim that most of the people using the tap water between May 15 and May 20, 2007 in Plaquemines Parish were citizens of Louisiana when the complaint was filed, the plaintiff has offered no evidence in support of such an inference. By not offering additional indicia of Louisiana citizenship of the putative class members apart from their mere residency in Plaquemines Parish in May 2007, the plaintiff has not met his burden of proof."). Although some courts have presumed citizenship of the putative class based on a class defined in terms of property ownership or residency,[3] this Court declines to intuit class citizenship from property ownership, given the Eleventh Circuit's clear statements regarding a plaintiff's burden of proof. *See Evans*, 449 F.3d at 1163–64. Unless a putative class is defined in terms of *present* citizenship, a plaintiff must submit *some* evidence of class citizenship in order to satisfy his burden of proof. Consequently, because Gavron has not defined a plaintiff class that self-evidently satisfies the citizenship requirement—even though he was given an additional opportunity

---

[3] *See, e.g.*, *Haynes*, 2010 WL 1445650, at *3 (when proposed classes were defined in terms of California property ownership, deciding that "it is clear that two-thirds of the member [sic] of all proposed plaintiff classes are California citizens"); *Joseph*, 2008 WL 3822938, at *6 (finding that, where a class included "similarly situated Texas residents," that "common sense . . . suggests that the proposed plaintiff class meets the local controversy exception's citizenship requirement).

to do so at the September 8, 2010 hearing—and because he fails to provide adequate proof of citizenship, Gavron does not satisfy his burden of proof.

### C. "Significance" of Defendant S&S

The parties also disagree whether S&S is "a defendant from whom members of the putative class seek significant relief" and "whose alleged conduct forms a significant basis of the asserted claims," both of which are required under the local controversy exception. For the reasons detailed below, the Court finds that Gavron fails to demonstrate that S&S is a defendant who meets either criteria with respect to the putative class.[4]

#### 1. *Significant Relief*

The Court finds that Gavron fails to prove that S&S is a defendant from whom the class seeks significant relief because there is no indication that relief sought against S&S is significant when compared to the relief sought by the class as a whole. The Eleventh Circuit has cited favorably rulings from several district courts defining "significant relief." *Evans*, 449 F.3d at 1167 (citing *Robinson v. Cheetah Transportation*, No. 06-0005, 2006 WL 468820 (W.D. La. Feb. 27, 2006), and *Kearns v. Ford Motor Co.*, No. 05-5644, 2005 WL 3967998 (C.D. Cal. Nov. 21, 2005)). According to those courts, the assessment of whether a class seeks significant relief against a defendant involves examination of how many members of the class were harmed by the local defendant's actions and evaluation of whether "the relief against that defendant is a significant portion of the entire relief sought by the class." *Evans*, 449 F.3d at 1167 (citations omitted). Thus, the question is not whether the relief sought against the local defendant is significant in an absolute sense. *American General Financial Services v. Griffin*, 685 F. Supp. 2d 729, 734 (N.D. Ohio 2010). In short, the local defendant is not one from whom significant relief is sought if the local defendant is just "small change" compared to what is sought from other defendants. *Casey*, 2008 U.S. Dist LEXIS 1298, at *17–19; *Robinson*, 2006 WL 468820, at *4.

---

[4] The Court declines to decide whether S&S is a "significant" defendant within the sub-class.

Gavron's argument fails because he does not provide any evidence regarding the significance of the relief sought against S&S, or its comparative significance to the relief sought from Weather Shield. In *Evans*, the plaintiffs provided documentation indicating that all defendants had contributed to environmental contamination, and that the local defendant owned two facilities during a substantial portion of the relevant time period. *Evans*, 449 F.3d at 1167. The Eleventh Circuit found that plaintiffs had not fulfilled their burden because these documents were insufficient to shed light on whether the local defendant was a defendant from whom the class sought significant relief. *Id*. Here, Gavron provides no evidence, only his pleadings. Moreover, even those factual allegations are insufficient. The pleadings indicate only that Gavron, individually, purchased $300,000 of Weather Shield products from S&S. Gavron does not allege how many other plaintiffs allege similar actions by S&S, or how much of the more than $100 million of Weather Shield products in controversy were sold by S&S. Although the $300,000 attributed to S&S undoubtedly is significant to Gavron, individually, that amount of sales is not significant when compared to the $100 million at issue. *See American General Financial Services*, 685 F. Supp. 2d at 734. Gavron points to the decision in *Haynes v. EMC Mortgage Corporation* as an example of a case where significant relief was sought against a local defendant, but that case is readily distinguishable because the local defendant was involved in all or the majority of transactions in question. 2010 WL 1445650, at *5. The facts of this case more closely resemble those in *Kearns v. Ford Motor Company*, which the Eleventh Circuit cited in *Evans*, 449 F. 3d at 1167. In *Kearns*, the plaintiff filed suit against Ford, a specific Ford dealer, and 350 Doe defendants on behalf of a proposed class of plaintiffs who had purchased vehicles from Ford dealerships within the state of California. 2005 WL 3967998, at *10. The court found that the proposed class did not seek significant relief from the Ford dealer, because the dealer had sold cars to only a fraction of the class, and therefore the portion of the relief it could be responsible for was small when compared to the relief sought by the entire class. *Id*. Although Gavron alleges that S&S claims to be the premier dealer of Weather Shield products in the Tampa and Naples/Ft. Myers area (Pl.'s Reply Mem. [D.E. #22] at 10–11), this is not evidence regarding the quantity of LifeGuard Legacy Series windows and doors sold by S&S. Without presenting *some* information about the putative class members harmed by S&S or the amount of damages alleged

8

against S&S, Gavron cannot meet his burden of proving that the relief against S&S is a significant portion of the entire relief sought by the class.

### *2. Significant Basis*

Gavron fails to prove that S&S is a defendant whose alleged conduct forms a significant basis of the claims asserted by the putative class. For a local defendant to be considered a significant basis of the claims, a plaintiff must provide evidence indicating that a significant number or percentage of the putative class have claims against that local defendant. *See Evans*, 449 F.3d at 1167. As with the significant relief analysis, the absolute significance of the local defendant's conduct is not determinative. *American General Financial Services*, 685 F. Supp. 2d at 734. The local defendant's alleged conduct must be compared to the conduct of the other alleged defendants. *Kaufman v. Allstate New Jersey Insurance Co.*, 561 F.3d 144, 157 (3d Cir. 2009).[5]

There is no evidence before the Court sufficient to prove that S&S is a significant basis of the claims because, as discussed above, there is no indication what percentage of putative class members have claims against S&S. First, as noted above, Gavron provides no evidence on the subject. Moreover, even the facts alleged in the pleadings provide no support for Gavron's position. Gavron's pleadings note that "Weather Shield dealers and sales representatives are located throughout the state of Florida . . . ." (Pl. Third Amended Compl. ¶ 7 [D.E. #33]) S&S is only one of those dealers. As with the plaintiff in *Evans*, Gavron has provided no evidence regarding the number of other Weather Shield dealers in Florida, or their respective percentages of the market share. *See Evans*, 449 F.3d at 1167. Gavron's reliance on *Joseph v. Unitrin* is misplaced and of no

---

[5] The Court notes that using statistics to determine whether a defendant forms a significant basis of the claims asserted by a putative class is not an exact science. Courts comparing factually similar cases have arrived at completely different results. *Compare Caruso v. All State Insurance Co.*, 469 F. Supp. 2d 364, 369 (E.D. La. 2007) (finding a local defendant "significant" compared to other defendants where the local defendant had a 7.5 percent share of the insurance market at issue, which was the third-largest share) *with Gauntt v. Louisiana Citizens Property Insurance Corp.*, Civ. Action No. 06-7817, 2007 WL 128801 (E.D. La. Jan. 16, 2007) (finding that a local defendant was not "significant" compared to other defendants where the local defendant had a 6.8 percent share of the insurance market at issue, the third-largest share).

help to him here, because in *Joseph*, unlike here, every member of the putative class had a claim against the local defendant. *See* 2008 WL 3822938, at *7. Although Gavron notes that S&S claims to be the premier dealer of Weather Shield products in the Tampa and Naples/Ft. Myers area (Pl. Reply to Mot. [D.E. #22] at 10–11), it is important to remember that "the fact that the local defendant is a major player in a particular market is . . . not determinative" because of the Court's responsibility to compare the alleged conduct of all the defendants. *Kaufman*, 561 F.3d at 157. For these reasons, the Court finds that Gavron has not provided sufficient evidence to prove that S&S is a defendant whose alleged conduct forms a significant basis of the claims asserted by the putative class.

## III.   CONCLUSION

For the foregoing reasons, Gavron has not satisfied his burden of proof under CAFA's local controversy exception to federal jurisdiction. Therefore, Plaintiff's Motion to Remand is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, on September 29, 2010.

Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record